JIM MARTIN v. THE STATE.

No. 14312. Delivered May 13, 1931.

The opinion states the case.

*C. P. Rogers* and *Jno. B. Litler,* both of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ninety-nine years in the penitentiary.

Appellant was his own only witness. The testimony for the state shows that appellant entertained ill-will toward deceased, and had threatened to kill him; that he shot him through the body on the occasion in question, and admitted such fact to a number of witnesses who were told by appellant that if deceased was not dead he still had five shells left. The record supports the proposition that appellant was looking for deceased with his pistol in his hand shortly before the killing. The killing took place at an instant when no one happened to be observing the parties, but witnesses testified that they heard deceased call out and looked around and saw deceased lying on the ground and appellant standing about ten feet from him with a pistol in his hand. No witness who was present or who examined the ground where the shooting took place, gave testimony to seeing or finding anything in the nature of a weapon which could have been used by the deceased. Appellant testified that deceased was advancing upon him with a wrench in his hand at the time he shot him. He said the wrench was about six inches long and that deceased had his hand about the middle of the wrench. In its rebuttal the state

introduced witnesses who testified that deceased was in the habit of folding his arm across his chest when he talked, and that both arms of deceased were burned or marked with powder at about the position they would have been in with reference to the entrance of the bullet into the body of deceased, if deceased had been talking to appellant at the time the shot was fired.

The record contains but one bill of exception in which complaint is made of the argument of the district attorney. From the recitals in the bill it appears that the wife of deceased while on the witness stand was asked if deceased made a statement to her before his death in regard to the shooting, which question was objected to and the objection sustained. The bill further sets up that in his closing argument the district attorney said to the jury:

"The deceased's mouth was closed forever, and that he could not tell what had happened and that he asked the little widow on the witness stand if the deceased made a statement to her in regard to the shooting."

This argument was objected to by appellant, and the court requested to instruct the jury not to consider same, which request was granted and the jury so instructed, but it was claimed that the argument was of such inflammatory and prejudicial nature and character that the instruction could not eradicate same from the minds of the jury. It may be that the question referred to in the argument was asked and the objection sustained, but notwithstanding this the testimony of the wife of deceased in the statement of facts shows that she said that her husband was rational after he was shot and that he did make a statement to her. She did not testify as to what the statement was. We confess ourselves not quite able to agree with appellant that the argument thus objected to was capable of harm. The widow of deceased made no effort apparently to detail to the jury what was in the statement made, nor is anything set out in the argument from which there would arise any necessary inference that the statement made by deceased was of a nature or character in any way aside from or different from the testimony before the jury, or from which a fair deduction could be made that such statement contained matter inflammatory or prejudicial. Aside from the ordinary imputation of correctness attributed to the court's action in sustaining the state's objection to the question, nothing in the record suggests that the statement made by deceased to his wife was not at a time and place when it would be admissible as a part of the res gestae, nor was anything embodied in the language of the question which was in any way calculated to injure the rights of the accused.

As far as we can tell from the record the homicide was wholly unjustifiable.

Believing the record to be without reversible error, the judgment will be affirmed.                                                            *Affirmed.*